IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:12CR33-JAG |
| | ) | |
| PHILIP M. SEBOLT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**POSITION OF THE UNITED STATES WITH REGARD TO SENTENCING**

The United States of America, by its United States Attorney for the Eastern District of Virginia, Neil H. MacBride, his Assistant United States Attorney Elizabeth C. Wu, and his Special Assistant United States Attorney Thomas K. Johnstone IV, hereby submits its Position with Regard to Sentencing. The United States has no additions or corrections to the defendant's Presentence Investigation Report ("PSR") and no objections to the statutorily restricted sentencing range of 420 months to life imprisonment. For the reasons stated herein, the United States requests a sentence of life imprisonment.

## I. STATEMENT OF FACTS

### A. Defendant's Original Federal Child Pornography Convictions

In March 2002, an agent with the Federal Bureau of Investigation ("FBI") in Illinois identified an individual running a file server on the Internet with large amounts of child pornography available for trading. When the agent logged onto the file server, he encountered a banner scrolling across a website that read:

> Upload Boy Baby Pics! Upload Boy Baby Pics! Upload Boy Baby Pics! Upload Boy Baby Pics! Upload Boy Baby Pics! Upload Boy Baby Pics! I'm also looking for a text file or someone to msg me, on tips/tactics/advice on how to molest kids. I am not out to hurt or kidnap a kid. Just fun loving molesting. I have a web cam and am willing to product pics if I can successfully molest a kid/baby. Any help would be nice. :)

The agent also successfully downloaded at least two files containing child pornography from the file server.

Through further investigation, the agent tracked the location of the file server to the defendant's residence in Bensenville, Illinois. The agent obtained a search warrant for the defendant's residence, which was executed on July 1, 2002. During the search, FBI agents encountered the defendant in his bedroom attempting to delete files from his computer. After securing the defendant's computer, FBI agents advised the defendant of his *Miranda* rights and asked if he would like to speak with them. The defendant agreed to speak with agents and admitted to running the file server from his personal computer in his bedroom, stating that the file server's purpose was to trade child pornography. The defendant also admitted that he had sexually molested a young male relative beginning when the child was six years old and continuing until he was eight years old. The defendant further admitted to engaging in a sexual relationship with a sixteen-year-old female in Wisconsin he met on the Internet.

A subsequent forensic examination of the defendant's computer revealed the presence of 27,000 images of child pornography. The child pornography files included images of children of all ages engaged in sexually explicit conduct, as well

as sadistic or masochistic conduct, with other children and adults. The forensic examination also revealed a folder named "How to Molest," which contained transcripts of online chats between the defendant and other individuals. The transcripts include statements by the defendant discussing, among other things, the children he had successfully molested, his numerous attempts to molest other children, and the methods he had employed to do so.

In March 2003, a federal grand jury returned an indictment charging the defendant with possession of child pornography, transporting child pornography, and advertising child pornography online. After a four-day trial, a jury convicted the defendant of all counts. The court sentenced the defendant to 360 months' imprisonment on March 3, 2004.

**B. Defendant's State Molestation Convictions**

The defendant's admissions relating to his molestation of his young male relative during his interview with FBI agents resulted in the origination of an independent investigation by state law-enforcement authorities in DuPage County, Illinois. The investigation revealed that the defendant's molestation of his six-year-old male relative occurred on numerous occasions between December 1, 1997, and December 31, 1998. The molestation involved the defendant fondling the victim's genitals and performing oral-genital sexual intercourse on the victim while the defendant masturbated. The state investigation also revealed that the defendant molested a young female who was in the fourth or fifth grade at the time. The

molestation occurred between December 14, 1997, and December 14, 1999, and involved the defendant digitally penetrating the victim's vagina, the defendant performing oral-genital sexual intercourse on the victim, and forcing the victim to fondle the defendant's genitals.

The Illinois investigation resulted in the defendant being charged with and convicted of two counts of predatory criminal sexual abuse of a child in the DuPage County Circuit Court. On May 24, 2006, the defendant was sentenced to fourteen years' imprisonment on the first count and thirteen years ten months' imprisonment on the second count, for a total sentence of twenty-seven years ten months. The circuit court ordered that the two sentences run consecutively to each other, but concurrently to the defendant's federal sentence.

**C. Defendant's Pending Federal Child Pornography Conviction**

At the conclusion of the Illinois proceedings, the defendant was transferred to the custody of the Federal Bureau of Prisons ("BOP"). The defendant began serving his 360-month sentence at the United States Penitentiary in McCreary, Kentucky ("USP McCreary") in or about July 2006. Almost immediately, prison officials at USP McCreary discovered that the defendant was attempting to use the mail to receive images of children, including nude children, at the prison. For instance, the defendant sent letters to book publishers asking for books containing photographs or illustrations of children. In March 2007, the defendant sent a letter to a woman identified as "Candy Brown" asking for nude photographs of "barely legal teens" and

including detailed instructions on how the recipient could create a hidden compartment to conceal the photographs in her response to the defendant.

In April 2008, the BOP transferred the defendant to the Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"). In December 2008, prison officials at FCI Petersburg intercepted two mailings involving the defendant. The first mailing was a Christmas card the defendant was attempting to send to a woman in Sri Lanka. Upon further inspection, prison officials discovered a hidden compartment on the back of the Christmas card, which contained a handwritten letter from the defendant in which he discussed his "photo collecting hobby" and offered to send the recipient money in exchange for photographs depicting nude children. The second mailing was a greeting card sent to the defendant by a woman in Ethiopia named Roda Tekeste. A more thorough inspection of the greeting card revealed a hidden compartment containing a letter from Tekeste referencing the defendant's "hobby" and thanking him for money he had sent her. The hidden compartment also contained a color photograph of a nude female toddler with her genitals lasciviously displayed.

In February 2010, prison officials at FCI Petersburg discovered dozens of letters the defendant had given a fellow inmate to mail from outside the prison after the inmate's scheduled release. Among the letters were fifteen envelopes containing an advertisement seeking child pornography, fifty-two envelopes containing copies of a form letter to book publishers and prison book programs

requesting books containing photographs of nude children, a letter from the defendant to Roda Tekeste, and a letter from the defendant to Christina Sykora, a female sex offender in the custody of the Illinois Department of Corrections.

The fifteen letters containing the advertisements seeking child pornography were addressed to various individuals in numerous foreign countries. The defendant had written the advertisement by hand and produced photocopies for each mailing. The advertisement was styled as a flyer requesting color photographs of nude, prepubescent children posed in various positions in exchange for U.S. currency. Specifically, the advertisement mandated that "photos must be in color and any part of, or all of, children's genitalia (penis, penis head, ball sack, vulva, cliterous [sic], vaginal opening, butt, butthole) must be exposed in each photo." The advertisement then described the prices the defendant was willing to pay for photographs depicting children engaged in various sexual activities. For instance, the defendant would pay $10 for each photograph of a child masturbating, $15 for each photograph depicting a child having his or her genitals fondled by another child or an adult, $20 for each photograph depicting a child engaged in oral-genital sexual intercourse, and $25 for each photograph depicting a child engaged in genital-genital sexual intercourse. Finally, the advertisement stated that the defendant would pay an additional $2 per photograph for close-up photographs of children's genitals and an additional $5 per photograph for photographs displaying the inner parts of a girl's vagina or a boy's erect penis. On the reverse side of the

advertisement, the defendant provided examples of the types of photographs in which he was interested in a collage of photographs depicting nude children and hand-drawn sketches of children's genitals in various positions.

The fifty-two form letters to book publishers and prison book programs contained the defendant's name and BOP registration number and requested books on child care, child development, artistic nudity, nomadic and indigenous tribes in Africa, South America, and the south Pacific, and the inhabitants of destitute and impoverished countries. For each entry, the letter stated that the books requested must contain photographs and that nudity was preferred.

In his letter to Roda Tekeste, the defendant offered to pay Tekeste $5 in exchange for sexually explicit photographs of "Ezana," in which the child was completely nude with "close-up photos of his erect penis in various angles and positions." The defendant also encouraged Tekeste to send photographs of her "fondling, kissing, licking and sucking on [Ezana's] fully erect penis." In closing, the defendant stated that he "cared[d] about the health and financial well-being of both you and Ezana." He signed the letter with his name and registration number.

Finally, in his letter to Christina Sykora, the defendant introduced himself as a person with "similar sexual desires" and "similar interests." The defendant then discussed his criminal history, including a detailed description of his history molesting children. With respect to his molestation of children, the defendant stated, "I miss it and cannot wait until I can have fun again. But next time in

another country thats [sic] more accepting."

In March 2012, a federal grand jury returned an indictment charging the defendant with one count of advertising child pornography after having been convicted of two or more prior offenses, in violation of 18 U.S.C. § 2251(d)–(e). On September 13, 2012, at the conclusion of a bench trial, the Court convicted the defendant of the offense and continued his sentencing until January 28, 2013. The U.S. Probation Officer calculated the defendant's Total Offense Level as 38 and his Criminal History Category as V, which would normally result in a sentencing guideline range of 360 months to life imprisonment. However, because of statutory provisions applying to the defendant's conviction, his statutorily restricted sentencing range is 420 months to life imprisonment.

**D. Defendant's Conduct Since His September 2012 Conviction**

In December 2012, prison officials at the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca"), intercepted a letter from the defendant to Tracey Wright, a female inmate serving a prison sentence for receipt and possession of child pornography. In the letter, which is dated December 6, 2012, the defendant expressed his desire to "find a female around [his] age who shares or who would be willing to explore together the same that I'm into." The defendant also described his sexual preference for prepubescent children, his history of molesting children, and his involvement with child pornography. It appears the defendant sent the letter to a family member in Illinois, who then forwarded the letter to FCI Waseca.

## II. ARGUMENT

For fifteen years, the defendant has been engaged in a relentless campaign focused solely on preying on, gaining access to, and exploiting children at home and abroad. He has been a purveyor of a massive quantity of child pornography. He used his substantial collection of child pornography to attract other child pornographers and molesters to him so he could gain information from them on how to better molest children. The defendant developed new methods and schemes to gain access to children, tested them on actual children in public, and refined his techniques. The skills he developed were successful on at least three children who he molested on numerous occasions between 1997 and his arrest in 2002.

Not even the loss of his liberty, however, was enough to deter the defendant from his unyielding goal of exploiting more children to satisfy his own sexual desires. While in the custody of the BOP—first at USP McCreary and then at FCI Petersburg—the defendant persistently sought nude pictures of children through the U.S. mail. At FCI Petersburg, he repeatedly solicited the production of child pornography by the women with whom he corresponded. The defendant played on the vulnerabilities of these women, exploiting their indigence and enticing them with money. He coached and encouraged them to abuse children to whom they had access in a certain way so the resulting photographs would be customized to his personal sexual preferences. He even provided the intended recipients of his correspondence with detailed, hand-drawn sketches of children's genitalia, so there

was no question about the type of photographs he was seeking. In exchange, he would pay them a pre-determined fee for each photograph depending on the type of abuse depicted—the more severe the abuse, the higher the price.

In light of his conduct and the factors listed in 18 U.S.C. § 3553(a), the defendant is clearly a man that can never be released from incarceration. His unrelenting efforts to expose more children to sexual abuse while incarcerated in a prison cell within BOP place him among the worst offenders in child exploitation cases. Of particular importance in the defendant's case are the factors accounting for the seriousness of the defendant's offense, the need to ensure the safety of the community, and the need to deter such conduct in the future.

The severity of the defendant's offense and his threat to the safety of the community are beyond question. His prolific writing and multiple offers to purchase newly produced child pornography have posed a significant threat to society since his incarceration began. *See New York v. Ferber*, 458 U.S. 747, 760 (1982) (identifying those individuals advertising to sell or buy child pornography as a vital component to the continuation of the market for this vile material). Through his correspondence, the defendant made it known that he was a willing buyer of child pornography created especially for him, and his offers harmed at least one child who was photographed nude with her genitals lasciviously displayed by Roda Tekeste in response to the defendant's solicitations. The fact that the defendant engaged in this criminal conduct while serving a 360-month sentence for a similar

offense makes his behavior even more egregious.

Moreover, in his letters to other sex offenders, the defendant has made it crystal clear that he will not change his behavior. In his letter to Christina Sykora, after discussing his long history of molesting children, the defendant stated, "I miss it and cannot wait until I can have fun again. But next time in another country thats [sic] more accepting." The defendant has been entirely undeterred by any of the previous sentences he received for his sex offenses. Neither the 360-month sentence he received in Illinois nor his recent conviction in this Court—as demonstrated by his letter to Tracey Wright in FCI Waseca—have done anything to convince him to change his behavior. Instead, he has shifted his tactics, hardened his resolve, and continued to target society's most vulnerable.

The defendant has been given many chances to change his criminal conduct. He has refused to do so, and he is simply too dangerous to be released from incarceration. The extensive and serious nature of the defendant's criminal history, the fact that his prior 360-month sentence did nothing to deter his criminal activity, the defendant's repeated attempts to solicit the production of child pornography while incarcerated, and his continued persistence to contact other sex offenders to "explore" their similar interests even after his recent conviction in September 2012 demand a sentence of life imprisonment.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: ____________/s/______________

Thomas K. Johnstone IV
Special Assistant United States Attorney
Virginia Bar Number 71120
Virginia Office of Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: 804-786-2071
Facsimile: 804-786-1726
tjohnstone@oag.state.va.us

Elizabeth C. Wu
Assistant United States Attorney
Virginia Bar Number 30057
United States Attorney's Office
600 East Main St., Suite 1800
Richmond, VA 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
Elizabeth.C.Wu@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 16th day of January 2013, I electronically filed the Position of the United States with respect to Sentencing using the Court's CM/ECF system, which will send an electronic notification of such filing (NEF) to the following:

Valencia Roberts, Esq.
Office of the Federal Public Defender
701 E. Broad St., Suite 3600
Richmond, VA 23219

I also certify that, on the 16th day of January 2013, I delivered via email a copy of the Position of the United States with respect to sentencing to:

Jonathan Andrews
United States Probation Officer
701 East Broad Street, Suite 1150
Richmond, VA 23219

_____________/s/_______________
Thomas K. Johnstone IV
Special Assistant United States Attorney
Virginia Bar Number 71120
Virginia Office of Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: 804-786-2071
Facsimile: 804-786-1726
tjohnstone@oag.state.va.us