IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 3:12CR33 |
| PHILIP M. SEBOLT, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

Counsel respectfully moves to adopt pages 3-15 of <u>Defendant's Objections to PSR and Motion for Non-Guideline Sentence</u> (ECF Document 36) filed on January 21, 2013, by Federal Public Defender, Valencia Roberts.

Philip Sebolt, by counsel, has no objection to the amended guideline range of a total offense level of 36 and a crimnal history category of IV, resulting in a guideline range of 262-327 months.

Ms. Sebolt respectfully requests this Honorable Court to consider a letter from his Mother and Uncle as Exhibit A.

The defendant, Philip Sebolt, by counsel, respectfully moves this Honorable Court not to upwardly depart or vary from the statutory minimum in this matter. The applicable guideline range (262-327 months) in this matter is significantly below the Worksheet D Restricted Guideline Range of 420 months (35 years). Therefore, there is a defacto 93-month upward departure from the guidelines.

**ARGUMENT**

Amended Worksheet A of the PSR has adequately represented the sentencing factors as mandated by § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually

Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production) and § 2G2.2 (Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, Soliciting, or Advertising Material Involving the Sexual Exploitation of a Minor; Possession Material Involving the Sexual Exploitation of a Minor). These two sections of the Federal Sentencing Guidelines Manual rigorously and specifically scrutinizes conduct to strongly suggest a just sentence.

The guidelines also properly reflect Mr. Sebolt's criminal history at Level IV. Thus, an Offense Base Level of 36 (188-235 months) becomes a 262-327 month guideline range at a Level IV. Therefore, Mr. Sebolt's properly calculated criminal history adequately and significantly raises his guideline range.

It is the position of Mr. Sebolt, by counsel, that the calculation by the Sentencing Commission is proper, even with the defendant's disturbing history remains in the "heartland" of the Guidelines. Combined with the elevation of the sentence to the 420 month (35 years) Restricted Guideline Range, the mandate of the Sentencing Commission and the United States Code is satisfied. *See also,* United States v. Bonetti, 277 F.3d 441 (4th Cir. 2002).

USSG § 4A1.3 Departures Based on Inadequacy of Criminal History Category (Policy Statement) specifically denotes guidance for upward departures. The applicable sections are as follows:

    (A)    Prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses).

    (B)    Prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions.

   (C)  Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order.

   (D)  Whether the defendant was pending trial or sentencing on another charge at the time of the instant offense.

   (E)  Prior similar adult criminal conduct not resulting in a criminal conviction.

  (3)  PROHIBITION. – A prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement.

  (4)  DETERMINATION OF EXTENT OF UPWARD DEPARTURE. –

   (A)  IN GENERAL. – Except as provided in subdivision (B), the court shall determine the extent of a departure under this subsection by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's.

None of the above criteria (A) through (E) applies to Mr. Sebolt. In fact, <u>every</u> prior conviction of PSR Worksheet C received criminal history points. To suggest that a second state molestation conviction from Illinois in May of 2006 should warrant three criminal history points instead of one is arbitrary. Indeed, Mr. Sebolt received a total of 4 criminal history points due to the May 24, 2006, convictions.

  Although USSG § 4A1.3(E) allows consideration of prior conduct not resulting in a criminal conviction, the conduct must be based on "reliable information." *See*, <u>United States v. McKenley</u>, 895 F.2d 184 (4th Cir. 1990) at 186 and USSG § 4A1.3(E) <u>Background</u> policy statement.

  Mr. Sebolt's crimnal conduct has resulted in criminal convictions, including the instant conviction, properly tried in a court of law. Other criminal conduct alleged has been offered or exposed by Mr. Sebolt's own admissions and not supported by corroborative evidence or facts. The statements from Mr. Sebolt may be the result of

fantasy or the words of an obsessed braggart.

The standard of a departure under USSG § 4A1.3(E) is a preponderance of the evidence but the finding appears to rely on tangible evidence. <u>United States v. Melton</u>, 970 F.2d 1328 (4th Cir. 1992).

## **CONCLUSION**

Mr. Sebolt is 33 years old with approximately 14 years remaining on his prior sentence. A non-departure 35-year sentence would set his release date well into his elder years. Mr. Sebolt's communication and visitation privileges are likely to be practically eliminated due to his security risk assessment score by the Bureau of Prisons. The possibility of the next nearly 50 years in prison is most likely a sentence of life. In the event that Mr. Sebolt survives incarceration, it is very likely that he will be civilly committed under 18 U.S.C. § 4248 (civil commitment of a sexually dangerous person).

Under the above scenario, all the factors of 18 U.S.C. § 3553(a) will be satisfied with a sentence which is sufficient but not greater than necessary.

PHILIP M. SEBOLT

_____/s/_____
Mark K. Tyndall
Virginia Bar Number 24338
Counsel for Philip M. Sebolt
530 E. Main Street, Suite 608
Richmond, VA 23219
Tel: 804-788-4412
Fax: 804-649-8547
cawright2692@gmail.com

**CERTIFICATE**

I hereby certify that on the 2nd day of July, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Thomas K. Johnstone IV
Attorney for United States
Special Assistant U.S. Attorney
Attorney General's Office
900 E. Main Street
Richmond, VA 23219
tjohnstone@oag.state.va.us


and I hereby certify that I emailed the document to the following:

Jonathan Andrews
U.S. Probation Officer
701 E. Broad Street, Suite 1150
Richmond, VA 23219



_____/s/_____
Mark K. Tyndall
Virginia Bar Number 24338
Counsel for Philip M. Sebolt
530 E. Main Street, Suite 608
Richmond, VA 23219
Tel: 804-788-4412
Fax: 804-649-8547
cawright2692@gmail.com