<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4547**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

PHILIP MICHAEL SEBOLT,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   John A. Gibney, Jr., District Judge. (3:12-cr-00033-JAG-1)

Submitted:  January 27, 2015    Decided:  February 3, 2015

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Brian Donnelly, J. BRIAN DONNELLY, P.C., Virginia Beach, Virginia, for Appellant.   Dana J. Boente, United States Attorney, Thomas K. Johnstone IV, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Michael Sebolt appeals the life sentence imposed following his conviction for advertising child pornography, in violation of 18 U.S.C. § 2251(d), (e) (2012), and following this court's prior remand for resentencing. See United States v. Sebolt, 554 F. App'x 200 (4th Cir. 2014) (No. 13-4093), cert. denied, __ S. Ct. __, 2015 WL 133485 (U.S. Jan. 12, 2015) (No. 14-7541). On appeal, Sebolt argues that the district court committed both procedural and substantive sentencing error. Finding no error, we affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court committed no significant procedural error, including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If we find no procedural error, we also must consider the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51.

Where the sentencing court imposed a variant sentence, we determine "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with

2

respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). A substantial departure must "be supported by a more significant justification than a minor one." Gall, 552 U.S. at 50. However, we "must defer to the trial court and can reverse a sentence only if it is unreasonable," even if the sentence would not have been our choice. United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008).

Sebolt first argues that the district court procedurally erred by failing to consider a departure under U.S. Sentencing Guidelines Manual ("USSG") § 5G1.1 (2010). We conclude the district court did not abuse its discretion on this basis. The Government sought, and the court considered, a departure as an alternative to a variance. Insofar as Sebolt attempts to challenge the court's decision not to depart, we "lack the authority to review a sentencing court's denial of a downward departure," as the record does not suggest that "the court failed to understand its authority to do so." United States v. Hackley, 662 F.3d 671, 686 (4th Cir. 2011) (internal quotation marks omitted).

Sebolt also argues that the court imposed a substantively unreasonable sentence. He asserts that the court placed improper emphasis on its assessment of his future

3

dangerousness and the need to protect the public from future crimes. He also asserts that the court improperly relied on a letter Sebolt wrote to another inmate expressing his intention to continue molesting children upon release from imprisonment, given that he is expected to serve an additional fifty years imprisonment and the fact that his statement may have been mere exaggeration or boasting.

We find these arguments unpersuasive. The fact that the court strongly emphasized Sebolt's future dangerousness and the need to protect the public as a sentencing factor does not render the sentence unreasonable. See United States v. Pauley, 511 F.3d 468, 476 (4th Cir. 2007). Nor is the substantial extent of the variance sufficient to render the sentence unreasonable where the court's thorough § 3553(a) calculus reveals the case's significantly aggravating circumstances. See United States v. Hargrove, 701 F.3d 156, 163-65 (4th Cir. 2012); United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir. 2012).

In sentencing Sebolt, the court conducted a thorough, individualized assessment of the offense and Sebolt's history and characteristics, in light of the § 3553(a) factors. The court recognized that the serious nature of the offense — which involved soliciting individuals, including individuals in third world countries, to commit child molestation and produce child

4

pornography — required a sentence sufficiently lengthy to account for the seriousness of the offense and the need to deter others from similar crimes. The court did not abuse its discretion in concluding that Sebolt's written statement expressed an intention to molest children upon his release. According the sentencing court due deference, we conclude the court was amply justified in concluding that Sebolt's offense falls outside the heartland of child pornography cases and warranted a significant upward variance to life imprisonment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED