**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-7900

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

PHILIP MICHAEL SEBOLT,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   John A. Gibney, Jr., District Judge. (3:12-cr-00033-JAG-1)

Submitted:  March 17, 2016        Decided:  March 22, 2016

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Philip Michael Sebolt, Appellant Pro Se.   Thomas Kennerly Johnstone, IV, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, Elizabeth Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Sebolt appeals the district court's order denying his motion for appointment of counsel and for an extension of time to file a motion for a new trial, pursuant to Fed. R. Crim. P. 33. We review for abuse of discretion the district court's denial of a motion for appointment of counsel or for an extension of time. See United States v. Cates, 716 F.3d 445, 446 (7th Cir. 2013) (extension of time); United States v. Williamson, 706 F.3d 405, 418 n.11 (4th Cir. 2013) (motion under 18 U.S.C. § 3006A (2012)); Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (motion for counsel). We review questions of law de novo. United States v. Westbrooks, 780 F.3d 593, 595 (4th Cir. 2015).

As Sebolt recognizes, this court has already determined that there exists no constitutional right to counsel in a post-appeal Rule 33 motion. Williamson, 706 F.3d at 415. Insofar as Sebolt seeks to revisit this holding, "[a] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) (internal quotation marks omitted).

The exculpatory evidence Sebolt seeks is, at this juncture, purely speculative. Even assuming he could obtain such evidence, and despite his arguments to the contrary, Sebolt could not demonstrate the diligence required for granting Rule

33 relief. See United States v. Moore, 709 F.3d 287, 292 (4th Cir. 2013) (citing United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989)) (discussing test). Because the district court was not required to authorize Sebolt's fishing expedition, we discern no abuse of discretion in the district court's discretionary denial of counsel or an extension of time to file a Rule 33 motion. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984) (discussing exceptional circumstances warranting discretionary appointment of counsel), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED